**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**REGINALD BRUTON-BEY and**
**TRACEY MOBLEY-BEY,**

        **Plaintiffs,**

v.                                                            Case No:   6:18-cv-5-Orl-41GJK

**FLORIDA DEPARTMENT OF**
**HEALTH BUREAU OF VITAL**
**STATISTICS, FLORIDA SURGEON**
**GENERAL, CELESTE PHILIP and**
**RHONDA K. ADAMS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)
>
> **FILED:**      January 2, 2018
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED WITH PREJUDICE**.

**I.  FACTUAL BACKGROUND**

On January 2, 2018, Plaintiffs, proceeding *pro se*, filed a complaint (the "Complaint") against Defendants seeking declaratory and injunctive relief. Doc. No. 1. The following facts are taken from the Complaint and its attachments. Plaintiffs applied to the Moorish Supreme Court of Equity and Truth (the "MSC") to have their birth certificates amended to reflect changes in their

names and racial designations. *Id.* at 3. *See also* Doc. Nos. 1-3, 1-5. After obtaining an MSC order granting the above-referenced changes, Plaintiffs applied to the Florida Department of Health Bureau of Vital Statistics (the "Department") to have such changes reflected in state records. Doc. No. 1 at 3. The Department denied Plaintiffs' request because it required an order from a court of competent jurisdiction before making any changes. *Id.*; Doc. Nos. 1-6, 1-7.

After the Department denied their request, Plaintiffs sought injunctive relief from the MSC. Doc. No. 1 at 4. The MSC issued an "Order for Final Judgment" directing Defendants to issue amended birth certificates reflecting the above-referenced changes. *Id.*; Doc. No. 1-2 at 1-2. The MSC's order also awarded $2,750 in costs and expenses to Plaintiffs. Doc. No. 1-2 at 1. Plaintiffs then submitted another request to the Department, asking that the changes be made to their birth records. Doc. Nos. 1-15, 1-16. The Department again denied Plaintiffs' request because the MSC's order is one from a religious court rather than a state court. *Id.*

On January 2, 2018, Plaintiffs filed the Complaint. Doc. No. 1. Plaintiffs request that the Court issue an order directing Defendants to issue amended birth certificates reflecting the name and racial designation changes mentioned above. *Id.* at 4. Reading the Complaint liberally, it appears that Plaintiffs request that this Court enforce the MSC's Order of Final Judgment. *Id.* Plaintiffs also request that the Court award reasonable costs and expenses for bringing the action. *Id.* The Complaint states that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1963 and the Full Faith and Credit Clause of the United States Constitution, U.S. Const. art. IV, § 1.[1] *Id.* at 3. Plaintiffs also filed an Application to Proceed in District Court Without Prepaying Fees and Costs, which the Court interprets as a motion to proceed *in forma pauperis* under 28 U.S.C. §1915 (the "Motion"). Doc. No. 2.

---

[1] Plaintiffs also assert violations of Section 714.315 of the Florida Statutes and Florida Administrative Code Rule 64V-1.0033. Doc. No. 1 at 3.

## II.   STANDARD OF REVIEW

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court evaluates the plaintiff's financial status and determines whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. §1915(a)(1). Second, the Court must review the complaint and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i-iii). The Court must also dismiss the complaint if it determines that it has no subject matter jurisdiction over the claims asserted. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502, 126 S.Ct. 1235, 1237, 163 L.Ed.2d 1097 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety"). When the Court reviews the complaint, it must be liberally construed, but the Court has no obligation to rewrite a complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief can be granted. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

## III.   ANALYSIS

### A.   Subject Matter Jurisdiction[2]

Plaintiffs assert that the Court has subject matter jurisdiction under 28 U.S.C. § 1963. Doc. No. 1 at 3. The statute provides:

> <u>A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district</u> …. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

---

[2] Plaintiff Tracey Mobley-Bey did not file an Application to Proceed in District Court Without Prepaying Fees and Costs. Ms. Mobley-Bey's failure to file an application is fatal to the Motion. The Court, however, will analyze the propriety of the Complaint.

28 U.S.C. § 1963 (emphasis added). Thus, Section 1963 gives the federal courts jurisdiction to enforce judgments entered by a United States District Court, a United States Bankruptcy Court, the United States Court of International Trade, and any of the United States Courts of Appeals. *Id.* Here, Plaintiffs seek to enforce a judgment from the MSC, which is not a court mentioned in the statute. Doc. No. 1. Accordingly, it is recommended that the Court decline to entertain subject matter jurisdiction in this case under 28 U.S.C. § 1963.

Plaintiffs also state that the Court has subject matter jurisdiction under the Full Faith and Credit Clause of the United States Constitution. Doc. No. 1 at 3. The provision states:

> <u>Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State.</u> And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. art. IV, § 1 (emphasis added). Thus, a state shall give full faith and credit to another state's public acts, records, and judicial proceedings. *Id.* Here, the MSC's order is not a public act, record, or judicial proceeding provided under the authority of another state. *See* Doc. No. 1-2. Accordingly, it is recommended that the Court decline to entertain subject matter jurisdiction in this case under the Full Faith and Credit Clause of the United States Constitution.

### B.  Leave to Amend

A *pro se* plaintiff must ordinarily be given one chance to amend his or her complaint if a district court dismisses the complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a district court need not allow an amendment where such amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (citations omitted).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Congress has granted the federal courts two types of jurisdiction. The first is federal question jurisdiction under 28 U.S.C. § 1331, which gives the federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second is diversity jurisdiction under 28 U.S.C. § 1332, which gives, in relevant part, the federal courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332.

The central issue in this case is Plaintiffs' desire to have certain personal information changed in Florida state records. Doc. No. 1. The issues surrounding such changes do not arise "under Constitution, laws, or treaties of the United States," but rather is an issue of Florida state law. *See e.g.* Fla. Stat. § 68.07 (detailing procedures for changing names in Florida). Furthermore, based on the Complaint's allegations, all of the parties appear to be citizens of Florida. Doc. No. 1 at 2-3. Because the central issue in this case involves Florida state law, and the facts of this dispute involve only Florida citizens, the undersigned finds amendment of the Complaint to be futile in this instance. *See Hall,* 367 F.3d at 1262-63. Accordingly, it is recommended that the Complaint be dismissed with prejudice.

**IV.  CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 2); and

2) **DISMISS** the Complaint (Doc. No. 1) with prejudice; and

3) Direct the Clerk to close the case.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 13, 2018.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy